UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SHELLIE MINOR, JR.** | * | **CIVIL ACTION:** |
| | * | |
| | * | **JUDGE** |
| **VERSUS** | * | |
| | * | **SECTION "  "** |
| **STATE FARM FIRE AND CASUALTY** | * | |
| **COMPANY** | * | **MAGISTRATE** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF REMOVAL

NOW COMES defendant, State Farm Fire and Casualty Company ("State Farm"), and files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446 and hereby removes this matter from the Civil District Court for the Parish of Orleans, State of Louisiana, to the docket of this Honorable Court.

### I.   INTRODUCTION

1.

Plaintiff brought this action against State Farm in the Civil District Court for the Parish of Orleans, State of Louisiana, bearing Case No. 09-12765, and entitled "*Shellie Minor, Jr. v. State Farm Mutual Automobile Insurance Company.*"  (See Plaintiff's Petition attached in its entirety hereto as **Exhibit A**).

2.

The suit seeks damages and penalties from State Farm for its alleged failure to provide coverage and payment for certain claims made under Plaintiff's automobile insurance policy in connection when the Plaintiff's automobile was allegedly stolen.  In addition to Plaintiff's claims under the terms of the policy, Plaintiff seeks general and specific damages, as well as damages, penalties and attorney's fees under Louisiana Revised Statutes 22:1892 and 22:1973.

**I.        REMOVAL IS PROPER BECAUSE THIS COURT HAS DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. § 1332.**

3.

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different states…."

**A.        THE PARTIES ARE CITIZENS OF DIFFERENT STATES**

4.

Here, Shellie Minor, Jr. is a citizen of the State of Louisiana;[1] State Farm is incorporated and has its principal place of business in Illinois.  Therefore, State Farm is domiciled in the State of Illinois.  Thus, complete diversity of citizenship exists between the parties.

**B.        THE AMOUNT IN CONTROVERSY EXCEEDS $75,000, EXCLUSIVE OF INTEREST AND COSTS**

5.

Based upon information and belief, the amount in controversy facially exceeds $75,000.

6.

When plaintiffs allege an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy

---

[1] *See* Plaintiffs' Petition, ¶ I

exceeds $75,000. *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir.1999); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.1995). A defendant satisfies this burden either: (1) by showing that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount or (2) by setting forth the facts in dispute supporting a finding that the jurisdictional amount is satisfied. *Allen* at 1335.

7.

While State Farm admits neither liability nor any element of damages, Plaintiff's Petition facially supports a finding that the amount in controversy exceeds $75,000.

8.

Plaintiff alleges that his automobile was stolen on December 7, 2009 while parked on Desaix Street in the City of New Orleans.[2]

9.

The Plaintiff states in his Affidavit of Vehicle Theft that his automobile was valued at $15,990.00, at the time of the theft.[3]

10.

State Farm has not paid any monies under the Plaintiff's automobile insurance policy. Plaintiff claims State Farm's failure to make any payments under the Plaintiff's automobile insurance policy was arbitrary and without probable cause.[4]

11.

In addition to the claims under the policy for the value of his automobile, the Plaintiff seeks damages, penalties, and attorney's fees under Louisiana Revised Statutes La. R.S. 22:1892 and 22:1973.[5]

---

[2] *See* Plaintiffs' Petition, ¶ II.
[3] *See* Affidavit of Vehicle Theft, attached as Exhibit "B".
[4] *See* Plaintiffs' Petition, ¶ III.

12.

While State Farm admits no liability or any element of damages, when the penalties and attorney fees claimed by Plaintiff are factored in, the facts and allegations in the Plaintiff's Petition support a finding that the amount in controversy herein likely exceeds $75,000.

## C.   THE PLAINTIFF DID NOT FILE A BINDING STIPULATION LIMITING RECOVERY *WITH ITS COMPLAINT*

13.

To determine whether jurisdiction is present for removal, federal courts consider the claims made in the state court petition as they existed at the time of removal.  See *Manguno v. Prudential Property & Casualty Inc. Co.*, 276 F.3d 720 (5th Cir. 2002).

14.

The United States Supreme Court has held that, with respect to the amount in controversy, a plaintiff must make all information known at the time he files the complaint.  See *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938).  Further, the Fifth Circuit has held that when a state law prohibits a plaintiff from including an *ad damnum* clause, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, *St. Paul* makes later filings irrelevant."  *De Aguilar*, 47 F.3d at 1412, *quoting In re Shell Oil Co.,* 970 F.2d 355, 356 (7th Cir.1992) (per curiam), *citing St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 US 283, 58 S.Ct. 586 (1938).  The state court stipulation from the plaintiff must include the

---

[5] *See* Plaintiffs' Petition, ¶ IV.

renunciation of the right to enforce a judgment in an amount greater than $75,000. *See Davis v. State Farm and Casualty, et. al.,* 2006 WL 1581272, *2 (E.D.La. 2006).

15.

Plaintiff has made no such binding stipulation and renunciation.

16.

While State Farm admits neither liability nor any element of damages, under the rules of *De Aguilar, Allen* and *Davis,* State Farm has met its burden of showing the amount in controversy is in excess of $75,000.

17.

This is a civil action over which the United States District Court for the Eastern District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332 et seq., as the amount in controversy exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and complete diversity exists between all adverse parties.

## II.   **STATE FARM HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

18.

The Louisiana Secretary of State, State Farm's agent for service of process, was served with the petition on December 18, 2009.  State Farm first received notice of this lawsuit on December 21, 2009, via transmission from the Secretary of State.  **(Exhibit B).**

19.

This Notice of Removal was filed within thirty (30) days after State Farm first received a copy of the initial pleadings setting forth the claim for relief upon which this action is based, and is therefore timely under 28 U.S.C. § 1446(b).

20.

Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition is attached as **Exhibit A**. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff and a copy is being filed with the Clerk of Court for the Civil District Court for the parish of Orleans, the Parish where Plaintiff filed the Petition for Damages.

21.

No previous application has been made for the relief requested herein.

22.

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

### III.   THE EASTERN DISTRICT OF LOUISIANA IS THE PROPER VENUE FOR THIS ACTION

23.

The Civil District Court for the parish of Orleans, where Plaintiff filed the Petition for Damages, is located within the Eastern District of Louisiana. 28 U.S.C. § 98(a). Therefore, venue is proper pursuant to 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending." See 28 U.S.C. § 1441(a).

**WHEREFORE**, Defendant, State Farm Fire and Casualty Company prays that this Notice of Removal will be deemed good and sufficient, and that this matter will be accepted onto this court's docket.

Respectfully submitted,

   s/ David A. Strauss
DAVID A. STRAUSS **(T.A.)** #24665
RICHARD D. SERIO, JR. #32681
KING, KREBS & JURGENS, P.L.L.C.
201 St. Charles Avenue, 45th Floor
New Orleans, Louisiana 70170
Telephone: (504) 582-3800
Facsimile:  (504) 582-1233
dstrauss@kingkrebs.com
dserio@kingkrebs.com
***Attorneys for State Farm Fire and Casualty Company***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record either by e-mail, hand delivery, facsimile, by placing the same in the United States mail, properly addressed and postage pre-paid, or through the CM/ECF system which will send a notice of electronic filing to counsel of record this 15th day of January, 2010.

   s/ David A. Strauss
DAVID A. STRAUSS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SHELLIE MINOR, JR.** | * | **CIVIL ACTION:** |
| | * | |
| | * | **JUDGE** |
| **VERSUS** | * | |
| | * | **SECTION " "** |
| **STATE FARM MUTUAL AUTOMOBILE** | * | |
| **INSURANCE COMPANY** | * | **MAGISTRATE** |

************************************************************************

### CERTIFICATE OF COMPLIANCE WITH 28 U.S.C. § 1446(d)

I hereby certify that a copy of the foregoing Notice of Removal has been placed in the

United States Mail, with proper and sufficient postage affixed, addressed to:

> **Shellie Minor, Jr.**
> Through his attorney of record,
> William E. Mura, Jr.
> 320 N Carrollton Avenue
> Suite 200
> New Orleans, LA 70119

I hereby further certify that a copy of the foregoing Notice of Removal has also been

placed in the United States Mail, with proper and sufficient postage affixed, addressed to:

> Clerk of Court
> Civil District Court, Orleans Parish
> 421 Loyola Ave.
> New Orleans, LA 70112

for filing in the record in the state court action entitled: "*Shellie Minor, Jr. v. State Farm Fire and Casualty Company*," bearing Case No. 09-12765, on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana.

Respectfully submitted,

__s/ David A. Strauss_____
DAVID A. STRAUSS **(T.A.)** #24665
RICHARD D. SERIO, JR. #32681
KING, KREBS & JURGENS, P.L.L.C.
201 St. Charles Avenue, 45th Floor
New Orleans, Louisiana 70170
Telephone: (504) 582-3800
Facsimile:  (504) 582-1233
dstrauss@kingkrebs.com
dserio@kingkrebs.com
**Attorneys for State Farm Fire and Casualty Company**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record either by e-mail, hand delivery, facsimile, by placing the same in the United States mail, properly addressed and postage pre-paid, or through the CM/ECF system which will send a notice of electronic filing to counsel of record this 15th day of January, 2010.

_s/ David A. Strauss_____
DAVID A. STRAUSS